UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TOMAS BLASBERG, | ) |
|       Plaintiff/Counter-Defendant, | ) 18 C 1386 |
|       vs. | ) Judge Gary Feinerman |
| CITY OF CHICAGO, | ) |
|       Defendant/Cross-Claim Plaintiff, | ) |
| JORDAN WISNIEWSKI, | ) |
|       Defendant/Counter-Plaintiff/<br>      Cross-Claim Defendant, | ) |
| and | ) |
| TRACEY WISNIEWSKI, | ) |
|       Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Tomas Blasberg brought this suit against Jordan Wisniewski, his wife Tracey Wisniewski, and the City of Chicago after Jordan—a law enforcement officer with the Chicago Department of Aviation—shot Blasberg in the abdomen. Doc. 7. The City cross-claimed against Jordan for a declaration that he was not acting within the scope of his employment at the time and therefore is not entitled to indemnification from the City under 745 ILCS 10/9-102 for Blasberg's claims. Doc. 34 at pp. 9-11. And Jordan counterclaimed against Blasberg for allegedly firing an air gun at Jordan's vehicle and running his car into Jordan. Docs. 56-1, 60.

The City has moved to dismiss Blasberg's claims against it under Federal Rule of Civil Procedure 12(b)(6) and for judgment on the pleadings on its cross-claim against Jordan under Rule 12(c). Docs. 11, 50. Both motions are granted.

1

**Background**

In resolving a Rule 12(b)(6) or a Rule 12(c) motion, the court assumes the truth of the well-pleaded factual allegations in the non-movant's pleadings, though not their legal conclusions. *See Zahn v. N. Am. Power & Gas, LLC*, 815 F.3d 1082, 1087 (7th Cir. 2016); *Guise v. BWM Mortg., LLC*, 377 F.3d 795, 798 (7th Cir. 2004). The court must also consider "documents attached to the [parties' pleadings], documents that are critical to the [pleadings] and referred to in [them], and information that is subject to proper judicial notice," along with additional facts set forth in non-movant's brief opposing dismissal or judgment, so long as those additional facts "are consistent with the [non-movant's] pleadings." *Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1020 (7th Cir. 2013). The facts are set forth as favorably to Blasberg and Jordan as those materials allow. *See Pierce v. Zoetis, Inc.*, 818 F.3d 274, 277 (7th Cir. 2016). In setting forth those facts at the pleading stage, the court does not vouch for their accuracy. *See Jay E. Hayden Found. v. First Neighbor Bank, N.A.*, 610 F.3d 382, 384 (7th Cir. 2010).

On June 8, 2017 at approximately 9:00 p.m., Jordan—who was employed as a police officer for the Chicago Department of Aviation—was driving east in his personal car on Deerfield Road in Buffalo Grove, Illinois. Doc. 7 at ¶¶ 8, 12; Doc. 49 at ¶ 8. His wife Tracey was his only passenger. Doc. 7 at ¶ 14. Blasberg, heading west, passed Jordan in oncoming traffic. *Id.* at ¶ 15. Jordan alleges that Blasberg fired an air gun at the Wisniewskis' car as he passed. Doc. 27 at ¶ 17; Doc. 56-1 at ¶¶ 6-7. Jordan then made a u-turn in order to pursue Blasberg. Doc. 7 at ¶ 17. Jordan caught up to Blasberg after a mile and a half and stopped his car in front of Blasberg's, blocking Blasberg's path forward. *Id.* at ¶¶ 18, 21. Jordan then exited his car, pointed a handgun at Blasberg, and fired at him through the windshield. *Id.* at ¶ 22.

Jordan alleges that he fired the gun only after Blasberg accelerated towards him and struck him with his car. Doc. 27 at ¶ 23; Doc. 56-1 at ¶ 16. The bullet fired by Jordan struck Blasberg in the abdomen. Doc. 7 at ¶ 23.

## Discussion

### I. The City's Rule 12(b)(6) Motion

Blasberg brings state law claims for negligence, assault, and battery, as well as a federal § 1983 claim, against Jordan. *Id*. at pp. 5-12. He also brings a civil conspiracy claim against Jordan and Tracey. *Id*. at pp. 12-19. On the assault and battery claims, Blasberg alleges that the City is vicariously liable for Jordan's conduct under the principle of respondeat superior. *Id*. at pp. 8-10. The City moves to dismiss Blasberg's vicarious liability claims.

"For an employer to be vicariously liable for an employee's torts under the doctrine of respondeat superior, the torts must have been committed within the scope of the employment." *Pyne v. Whitmer*, 543 N.E.2d 1304, 1308 (Ill. 1989). "To ascertain when an employee's conduct is within the scope of employment, the Illinois Supreme Court has adopted § 228 of the Restatement (Second) of Agency." *Copeland v. Cnty. of Macon*, 403 F.3d 929, 932 (7th Cir. 2005) (citing *Pyne*, 543 N.E.2d at 1308-09). Section 228 provides:

> Conduct of a servant is within the scope of employment if, but only if:
>
> (a) it is of the kind he is employed to perform;
>
> (b) it occurs substantially within the authorized time and place limits; [and]
>
> (c) it is actuated, at least in part, by a purpose to serve the master … .

*Ibid*. Each of these three criteria must be satisfied to find that an employee acted within the scope of his employment. *See Adames v. Sheahan*, 909 N.E.2d 742, 755 (Ill. 2009).

Blasberg cannot satisfy the second criterion, even at the pleading stage, because his factual allegations do not plausibly suggest that Jordan's chasing and shooting him took place

within the authorized time and place limits of Jordan's employment as an officer with the Chicago Department of Aviation. The complaint alleges that the shooting occurred in Buffalo Grove, which is approximately fifteen miles from the nearest airport administered by the Department. The fact that Jordan was outside the Department's jurisdiction would not rule out vicarious liability if he had been ordered to drive to Lake County or went there on a minor detour from a work assignment, *see Anderson v. Moussa*, 250 F. Supp. 3d 344, 348 (N.D. Ill. 2017), but those possibilities are implausible given that he was driving his personal car with his wife as a passenger. The only viable reading of the complaint is that Jordan was outside the time and place limits of his employment when he encountered Blasberg.

On the present allegations, Wisniewski indisputably was acting outside the scope of his employment as a law enforcement officer. *See ibid*. ("Anderson points to no case in which a police officer who was *both* off-duty *and* far outside his employer's jurisdiction was held to be acting within the scope of his employment."). Because Blasberg's factual allegations cannot plausibly satisfy one of the requirements of respondeat superior liability, his claims against the City must be dismissed. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (holding that to survive a 12(b)(6) motion, a complaint must include "enough facts to state a claim that is plausible on its face").

## II.     The City's Rule 12(c) Motion

The City's Rule 12(c) motion for a declaratory judgment on its cross-claim that it need not indemnify Jordan under 745 ILCS 10/9-102 is granted for essentially the same reasons, as "the principles advanced in the context of imposing vicarious liability upon an employer are applicable in cases seeking to impose duties upon a public entity to indemnify and defend its employees [under 745 ILCS 10/9-102] because both liabilities are premised upon employee acts

occurring within the scope of employment." *Wright v. City of Danville*, 675 N.E.2d 110, 118 (Ill. 1996); *see also Doe v. City of Chicago*, 360 F.3d 667, 670 (7th Cir. 2004) ("[U]nless in furtherance of the business of the tortfeasor's employer, an intentional tort is not within the scope of his employment; and that would bring it outside the indemnity statute [745 ILCS 10/9-102] as well."). Jordan admitted the two crucial facts—that he was off-duty and physically outside of the Chicago Department of Aviation's jurisdiction when he encountered Blasberg—in answering the City's cross-claim. Doc. 49 at ¶¶ 10, 13-14. Jordan also admitted that his alleged conduct did not relate to airport security. *Id*. at ¶ 14. Jordan emphasizes in his opposition brief that he was a "certified law enforcement officer" attempting to apprehend Blasberg, whom he believed was shooting at oncoming cars. Doc. 53 at 5; *see also* Doc. 49 at ¶ 10. But a law enforcement officer does not act within the scope of his employment whenever or wherever he or she attempts to interrupt the commission of a crime. An off-duty officer who volunteers to enforce the law outside his employer's jurisdiction is not acting within the scope of his employment. *See Anderson*, 250 F. Supp. 3d at 349 ("The fact that Moussa was operating outside both the time and place limits of his employment suffices, standing alone, to establish that he was not acting within the scope of his employment.").

On the pleadings, then, the City is entitled to a declaration that it has no duty under 745 ILCS 10/9-12 enforceable by Jordan to indemnify him in this case. *See Wright*, 675 N.E.2d at 118. Jordan is correct that matters regarding indemnification are not often resolved on the pleadings. *See Doe*, 360 F.3d at 672. But where, as here, the non-movant admits facts indisputably showing under the law that he is not entitled to indemnification, judgment is appropriate. *See Lujano v. Town of Cicero*, 691 F. Supp. 2d 873, 889 (N.D. Ill. 2010) ("Only if no reasonable person could conclude from the evidence that an employee was acting within the

5

course of his employment should a court hold as a matter of law that the employee was not so acting.") (quoting *Davila v. Yellow Cab Co.*, 776 N.E.2d 720, 728 (Ill. App. 2002)).

**Conclusion**

The City's motion to dismiss is granted. Blasberg's respondeat superior claims against the City (Counts III and V of the complaint) are dismissed, though the dismissal is without prejudice. *See Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519 (7th Cir. 2015) (noting that "a plaintiff whose original complaint has been dismissed under Rule 12(b)(6) should be given at least one opportunity to try to amend her complaint before the entire action is dismissed"). If Blasberg wishes to replead those claims, he must do so by July 11, 2018. If he does not do so, the dismissal will convert automatically to a dismissal with prejudice.

The City's motion for judgment on the pleadings is granted as well. For purposes of the City's cross-claim against Jordan, the court declares that Jordan was not acting within the scope of his employment by the Chicago Department of Aviation at the time of the incident with Blasberg, and therefore that the City has no duty under 745 ILCS 10/9-102 enforceable by Jordan to indemnify him against Blasberg's claims in this case.

June 20, 2018  _____
United States District Judge